**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 22-151-01 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| AARON WADE KNIGHT (01) | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before the Court is an administrative motion to reduce sentence, pursuant to 18 U.S.C. § 3582(c)(2), which has been filed in the above-captioned matter. Record Document 85. The Defendant, Aaron Knight, has been identified as a defendant to whom Amendment 821 to the Sentencing Guidelines may apply retroactively. If this relief is applicable, Knight's criminal history points could be reduced, which would in turn produce a lower sentencing range under the Guidelines.

Knight was convicted by a jury of two counts of interstate transmission of extortionate communications, in violation of 18 U.S.C. § 875(c). Knight's presentence report calculated a total offense level of 16 with a criminal history III. Knight had five criminal history points, but two of those were "status points," as he was on probation at the time of the instant offenses. The guideline range was 27 to 33 months. On July 25, 2023, this Court sentenced Knight to 27 months as to each count, with the sentences ordered to run concurrently. This sentence was at the bottom of the guideline range.

Part A to Amendment 821 altered the "status points" provision of the Sentencing Guidelines, such that if Knight were sentenced today, he would have only three criminal

points and would receive no status points.  This amendment is retroactive, although any relief granted may not include the release of a defendant prior to February 1, 2024.

In this case, the defense, the Government, and the Probation Office agree that Knight is eligible for relief under Amendment 821.  They agree that his criminal history would now be II, resulting in a guideline range of 24 to 30 months.  The Government, however, opposes the reduction of the sentence based on the factors set forth in 18 U.S.C. § 3553(a).  Nonetheless, upon consideration of the § 3553(a) factors, the Court finds that a reduction is warranted and would reduce Knight's sentence to 24 months to achieve a sentence at the bottom of the amended guideline range.

However, the issue facing the Court is that it lacks jurisdiction to order this relief because Knight has appealed his case to the Fifth Circuit Court of Appeals.  His appeal remains pending at this time.  Pursuant to Federal Rule of Criminal Procedure 37:

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
> (1) defer considering the motion;
>
> (2) deny the motion; or
>
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Crim. P. 37(a).  Plainly, this Court lacks jurisdiction to reduce Knight's sentence in a manner consistent with Amendment 821.  Accordingly, the Court is entering an "indicative ruling" in accordance with Rule 37(a) if the Fifth Circuit remands the case to this Court for that purpose, or if jurisdiction is otherwise returned to the district court. If

this Court were able to rule on the motion for relief, it would **GRANT** the motion to reduce sentence [Record Document 85] and reduce Knight's sentence to 24 months.

**THUS DONE AND SIGNED** this 7th day of February, 2024.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE